**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia Woodbeck, ) | No. 07-1235-PHX-RCB |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | |
| ) | |
| United States of America; ABC) | |
| Corporations I-X; Black and) | |
| White Partnerships I-X; and) | |
| John Does I-X, ) | |
| ) | |
| Defendants. ) | |

Currently pending before the court is a motion by defendant, the United States of America, for dismissal of this medical malpractice action. For the reasons set forth below, the court grants this motion.

### *Background*

Plaintiff filed this action in the Superior Court of the State of Arizona, Maricopa County, on September 11, 2006, naming as defendants Lydia G. Ehlenberger, M.D., and John Doe

Ehlenberger, wife and husband, as well as Mountain Park Health Center and "ABC Corporations I-X[.]"  Notice of Removal (doc. 1), exh. A thereto (doc. 1-4) at 3.  The named defendants were "deemed to be employees of the Public Health Service [("PHS")]," United States Department of Health and Human Services, during the relevant time frame.  Id. at 3, ¶ 3.

PHS employees are covered under the Federal Tort Claims Act ("FTCA") pursuant to the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA").  See McLaurin v. U.S., 392 F.3d 774, 777 (5th Cir. 2004). "[T]he FSHCAA makes the FTCA the exclusive remedy for action against employees of the PHS resulting from the performance of medical . . or related functions and protects commissioned officers or employees of the [PHS] from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead."  Id. (internal quotation marks and citations omitted).  Because the United States certified that the defendants originally named in this action were PHS employees,[1] and thus under the protection of the FTCA, in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233, it removed this action on June 22, 2007.[2]  At the same time, the

---

[1]  Not. of Removal (doc. 1) at 2, ¶ 3; see also Memo. in Supp. of U.S. Mot. to Dismiss (doc. 5), attachment 1 thereto (doc. 5-2) at 2, ¶¶ 5 and 6; and exh. 1 thereto.

[2]  Removal was timely despite the more than eight month gap between the filing of the state court action and removal.  That is so because "[t]he unambiguous language of Section 2679(d)(2) requires only that the government remove 'before trial' a suit in which the PHS has deemed a qualified health care center employee as a federal employee." McLaurin, 392 F.3d at 778-79 (quoting 28 U.S.C. § 2679(d)(2)).  In the present case, the Government removed this action "before trial" in the state court.  Thus, removal was timely.

- 2 -

1 United States moved for substitution as the defendant herein -- a
2 motion which the court granted.
3 　　　　Thereafter the United States brought the present motion
4 arguing for dismissal on the ground that, *inter alia*, plaintiff
5 failed to exhaust her administrative remedies as section 2675(a)
6 of the FTCA requires.

### *Discussion*

8 　　　　The United States is moving for dismissal pursuant to
9 Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.
10 It is also seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6)
11 for failure to state a claim upon which relief may be granted.
12 "Customarily, a federal court must first resolve doubts about its
13 jurisdiction over the subject matter," and so, too, will this
14 court. See Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 578
15 (1999). The court will first address the United States'
16 jurisdiction argument because if the court lacks subject matter
17 jurisdiction, it must dismiss the complaint in its entirety.
18 Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244 (2006) (citation
19 omitted).  Obviously then, there would be no need to, and indeed
20 the court could not, address the United States' motion to dismiss
21 for failure to state a claim.

### *I.   Governing Legal Standard - Fed. R. Civ. P. 12(b)(1)*

23 　　　　Before turning to the merits, the court notes that the
24 United States filed a "speaking motion," rather than a facial
25 attack, "in that it is attacking jurisdiction with extrinsic
26 evidence."  See American Economy Insurance Co. v. Herrera, 2007
27 WL 2696716, at *1, n.1 (S.D.Cal. Sept. 11, 2007) (citing
28 Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d

1553, 1558 (9th Cir. 1987)).  More specifically, to support its lack of jurisdiction argument, the United States is relying upon the sworn declaration of Richard G. Bergeron, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services.  <u>See</u> Mot. (doc. 5), attachment thereto (doc. 5-2) at 1, ¶ 1.  Because that declaration is properly before the court, "'the party opposing the motion [*i.e.* plaintiff Woodbeck] must furnish affidavits or other evidence to satisfy [her] burden of establishing subject matter jurisdiction.'"  <u>See</u> <u>Quezada v. Bogle</u>, 2007 WL 3335011, at *2 (E.D.Cal. 2007) (quoting <u>Safe Air For Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004) (other citation omitted).  Thus, given the procedural posture of this motion, "[t]he court may . . . look beyond the allegations of the complaint to decide [this] factual attack on jurisdiction."  <u>See</u> <u>id.</u> (citing, *inter alia*, <u>Meyer</u>, 373 F.3d at 1039).

***II.  Administrative Claim Requirement***

The FTCA bars claimants from seeking damages against the United States until they first file an administrative claim.  28 U.S.C. § 2675(a)(West 2006).[3]  The purpose of this "procedure is

---

[3]  That statute reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of any agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the

- 4 -

1  to encourage administrative settlement of claims against the
2  United States and thereby prevent an unnecessary burdening of the
3  courts." Wright v. United States, 2005 WL 1353869, at *1
4  (D.Idaho 2005) (citing Brady v. United States, 211 F.3d 499, 503
5  (9th Cir. 2000)).  As the Supreme Court explained more fully in
6  McNeil v. United States, 508 U.S. 106 (1993):

> Congress intended to require complete
> exhaustion of Executive remedies before
> invocation of the judicial process.  Every
> premature filing of an action under the FTCA
> imposes some burden on the judicial system
> and on the Department of Justice which must
> assume the defense of such actions.  Although
> the burden may be slight in an individual
> case, the statute governs the processing
> of a vast multitude of claims.

Id. at 503 (footnote omitted).  This administrative claim
requirement is "jurisdictional[]" and as such, according to the
Ninth Circuit, "must be strictly adhered to[]" by FTCA claimants.
Brady, 211 F.3d at 502 (internal quotation marks and citations
omitted).  Strict adherence to this requirement is necessary
because the FTCA "waives sovereign immunity[;]" and "[a]ny such
waiver must be strictly construed in favor of the United States."
Id. (internal quotation marks and citation omitted).

    According to attorney Bergeron, a "search of the Claims
Branch's database" showed "no record of an administrative tort
claim filed by [plaintiff] Virginia Woodbeck or an authorized
representative relating to Mountain Park Health Center or Lydia
Ehlenberger, M.D."  Id. at 2, ¶ 4.  Evidently plaintiff

---

    claim for purposes of this section.
28 U.S.C. § 2675(a) (West 2006).

- 5 -

1  recognizes her failure to comply with the FTCA's administrative
2  prerequisites and, in turn, her failure to meet her burden on
3  this motion because she rightly concedes that dismissal "is
4  appropriate[.]"  See Resp. (doc. 11) at 1.  Consequently the
5  court, as it must, grants the United States' motion to dismiss
6  for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1).
7  See Jost v. United States Post Office, 2007 WL 1517695, at *1
8  (E.D.Cal. 2007) (where plaintiff "concede[d] he ha[d] not
9  complied with the FTCA[,] . . . court ha[]d no choice but to
10 dismiss th[e] action as against the United States Post
11 Office[]"); see also Wright v. United States, 2007 WL 1353869, at
12 *4 (D.Idaho 2005) (dismissing claims against United States
13 pursuant to Rule 12(b)(1) where plaintiffs did not timely present
14 their claims under the FTCA, and thus "they . . . failed to
15 exhaust their administrative remedies and [could] not establish
16 that subject matter jurisdiction [wa]s proper[]").

17      Aware that this failure by plaintiff "can be remedied[,]"[4]
18 plaintiff "requests that the Court grant [her] leave . . . to
19 refile her claim pursuant to the [FTCA], 28 U.S.C. § 2679(B)."
20 Resp. (doc. 11) at 1.  There are two flaws in this request.  The
21 first is plaintiff's failure to accurately cite to the relevant
22 statute.  The FTCA does not include a "§ 2679(B)."  It appears
23 that plaintiff intended to rely upon 28 U.S.C. § 2678(5)(B).
24 That statute provides as follows:

> Whenever an action or proceeding in
> which the United States is substituted
> as the party defendant under this subsection

---

[4] See Le v United States, 2007 WL 1541752, at *3 n.1 (D.Or. 2007).

- 6 -

>           is dismissed for failure first to present a
>           claim pursuant to section 2675(a) of this title,
>           such a claim shall be deemed to be timely
>           presented under section 2401(b) of this title
>           if - . . .
>
>           (B) the claim is presented to the appropriate
>           Federal agency within 60 days after dismissal
>           of the civil action.

28 U.S.C. § 2679(5)(B) (West 2006).

Even assuming that plaintiff had relied upon the correct statute, there is nothing on the face of that statute which gives the court authority to grant her discretion to "refile." Rather it is incumbent upon plaintiff to proceed as she deems appropriate and necessary to protect her interests under the FTCA in light of this dismissal. In light of the foregoing, the court dismisses this action without prejudice. See Marks v. United States, 2007 WL 3087157, at *1 (W.D.Wash. 2007) (dismissing FTCA claims without prejudice where plaintiff had not properly exhausted his administrative remedies under 28 U.S.C. § 2675(a)); see also Oeser v. Ashford, 2007 WL 1280584, at *1 (N.D.Cal. 2007) (dismissing FTCA complaint without prejudice to renew, and allowing plaintiff to timely refile in accordance with the requirements of that Act).

### *III.  Fictitious Defendants*

In her complaint plaintiff names several fictitious defendants in the caption: "ABC Corporations I-X; Black and White Partnerships I-X; [and] John Does I-X[.]" Co. (doc. 1-4) at 3. The complaint is completely void, however, of any allegations as to the fictitious partnerships. Thus, the court *sua sponte* dismisses this action as against those entities.

-7-

Likewise, the court *sua sponte* dismisses this action as against the remaining fictitious defendants, although it does so for a different reason.  "Not surprisingly, none of the[se] [fictitious] defendants were served either before or after removal."  See Dugay v. JPMorgan Chase, 2006 WL 3792043, at *5 (D.Ariz. 2006).  "Indeed it is virtually impossible to serve Doe Defendants because of their anonymity."  Id. (internal quotation marks and citation omitted).  As this court has previously explained:

> Generally, the use of anonymous type appellations to identify defendants is not favored . . . In fact, Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. . . . By the same token though, the Ninth Circuit has [long] held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Id. (internal quotation marks and citations omitted).  Here, dismissal is appropriate, as discussed above.  Thus, "it would be futile to give [plaintiff] the opportunity to identify and serve the unnamed Doe defendants [and fictitious corporations]."  See id.  Accordingly, the court *sua sponte* dismisses this action as against the John Doe defendants, as well as against the ABC Corporations.

### *Conclusion*

For the reasons set forth above,

IT IS ORDERED that defendant United States' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

- 8 -

subject matter jurisdiction is GRANTED without prejudice (doc. 4); and

IT IS FURTHER ORDERED that plaintiffs' claims against the fictitious defendants are *sua sponte* dismissed without prejudice.

DATED this 31st day of January, 2008.

                                                                 Robert C. Broomfield
                                                                 Senior United States District Judge

copies to all counsel of record